**UNITED STATES of America,** Plaintiff–Appellee,

v.

**Robert LAWRENCE, Defendant–Appellant.**

No. 03–2380.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 3, 2004.*

Decided Feb. 3, 2004.

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Anthony T. Sheehan, Department of Justice, Washington, DC, for Plaintiff–Appellee.

Robert Lawrence, pro se, Peoria, IL, for Defendant–Appellant.

Before RIPPLE, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

The United States brought suit against Robert Lawrence in the District Court for the Central District of Illinois, asking the court to enjoin him from promoting abusive tax-avoidance schemes. *See* 26 U.S.C. § 6700. Rather than address the merits of the government's claims, Lawrence filed a series of motions questioning the district court's jurisdiction over him. The basis for his concern was his declared inability to determine whether Congress had established the district court under Article I or Article III of the Constitution. The district court found Lawrence's jurisdictional arguments to be frivolous, advised him that he could renew such arguments on appeal, and instructed him until then to stop raising them. When Lawrence continued to do so despite this warning, the court held a show-cause hearing, found Lawrence in criminal contempt, and sentenced him to six months in prison. (The contempt order and prison sentence are not part of this appeal.) With no other defense offered, the court entered default judgment in favor of the government and granted its request for a permanent injunction.

On appeal, Lawrence challenges the imposition of an entry of default against him (under Rule 55(a) of the Federal Rules of Civil Procedure) while he was in prison, arguing that he was deprived of notice and an opportunity to be heard. But as the district court explained, to have an entry of default set aside, a defendant must show (in addition to good cause for the default and quick action to correct the default) a meritorious defense to the complaint. *See Robinson Eng'g Co. Pension Plan and Trust v. George,* 223 F.3d 445, 453 (7th Cir.2000). At no point has Lawrence met this requirement, persisting instead with his arguments about the court's jurisdiction. We cannot find that the court abused its discretion in imposing default judgment. *See Davis v. Hutchins,* 321 F.3d 641, 646 (7th Cir.2003) (entry of default judgment reviewed for abuse of discretion).

Lawrence also reprises his jurisdictional arguments, proposing that there is "no enactment of Congress, which has ordained and established an Article III forum for the Federal Courts in the central district of Illinois." To refute this proposition, we point to 28 U.S.C. § 93(b) (establishing Central District of Illinois) and 28 U.S.C. § 132(a) (establishing district court for each judicial district). We also warn Mr. Lawrence that continuing with this sort of frivolous tax-protest litigation is to invite financial sanctions. *See* Fed. R.App. P. 38; *United States v. Ins. Consultants of Knox, Inc.,* 187 F.3d 755, 761 (7th Cir. 1999).

AFFIRMED.